PERKINS *v.* BUFFALO, R. & P. R. Co.

(*Supreme Court, General Term, Fifth Department.* June 20, 1890.)

1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS.

Plaintiff's intestate, injured at a railroad crossing by collision with defendant's locomotive, was obstructed in his view of the locomotive by several objects, among which was a box-car which defendant had projected into the highway. There was evidence that, as decedent passed the car, he stood up in the sleigh in which he was riding. His ears were muffled, but he could hear ordinary conversation. *Held*, that the question as to whether he was negligent was properly left to the jury.

2. SAME—SIGNALS.

Evidence that persons observing the locomotive by which plaintiff's intestate was struck did not hear the bell rung or the whistle sounded is sufficient to justify a finding that no such signals were given.

Appeal from circuit court, Wyoming county.

Action by Charles H. B. Perkins, administrator, etc., against the Buffalo, Rochester & Pittsburg Railroad Company. Judgment was given for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*H. G. Danforth*, for appellant. *M. E. & E. M. Bartlett*, for respondent.

MACOMBER, J. The injuries to the plaintiff's intestate, Chauncey H. Perkins, to recover damages for which this action is brought, were received by the intestate on the 21st day of February, 1889, at a railroad crossing in Middlebury, and resulted in the death of the injured man shortly after the accident. The deceased was a man nearly 71 years of age. He was driving one horse attached to a sleigh. He sought to cross the defendant's track upon the highway, which runs at a right angle across the railway property. The locomotive with which the horse collided was approaching from the south. The deceased was upon the west side of the railroad. From the highway approaching the railway tracks were obstructions to the sight, consisting, first, of an ice-house, and near by a coal-shed, and directly east of that a restaurant or hotel. The defendant's agents had projected into the highway a box-car, and left the same standing there so near to the center of the highway as that

it might be touched by a person passing along the beaten track. The deceased was obliged to pass this car, and until he had done so there was a serious obstruction to the view to his right. The engineer testified that he, although looking, did not see the horse until just as he was passing the hotel, when the horse's head emerged from behind the car.

The evidence to charge the defendant's employes with the omission to ring the bell or sound the whistle was such as to justify the jury in their conclusion upon that part of the case. Witnesses whose attention was called to the matter testify that, though observing the locomotive, none of the signals were given.

In respect to the other branch of the case, namely, the proof that the deceased was not guilty of any negligence which contributed to the commission of the injuries, is mainly circumstantial, though not wholly. One witness testified that, as the deceased was passing the car, "he rose up in the sleigh, apparently for the purpose of ascertaining if any locomotive was approaching." It is true that the ears of the deceased were somewhat muffled; but the muffling did not appear to prevent his hearing ordinary conversation, for but a moment previous to the accident he had been conversing with an acquaintance upon matters of business. On the whole, we think the jury was justified in reaching the conclusion that he exercised proper care for his own safety in approaching this crossing. A perusal of the testimony, and an examination of the map; leaves a very strong impression upon the mind that the obstruction to the highway by the presence there of a freight-car was the approximate cause of the collision between the locomotive and the horse of the deceased. Judgment and order appealed from should be affirmed. All concur.